**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ROGER D. BLACKWELL, et al., <br><br> Defendants. | Case Number: 03 cv 0063 <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Terence P. Kemp |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION <br><br> Plaintiff, <br><br> v. <br><br> JOHN J. KAHL, ROSA MARIA GERTRUDE STEPHAN and ALFRED STEPHAN <br><br> Defendants. | Case Number: 06 cv 0608 <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Terence P. Kemp |
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM D. PARKER, CHARLES N. PARKER, SR., and DANNY H. HARRIS, SR., <br><br> Defendants. | Case Number: 03 cv 0065 <br><br> Judge Algenon L. Marbley <br> Magistrate Judge Terence P. Kemp |

## ORDER APPOINTING CLAIMS DISTRIBUTOR TO LOCATE INVESTORS AND MAKE A FINAL DISTRIBUTION OF SETTLEMENT FUNDS

Plaintiff Securities and Exchange Commission ("Commission"), having filed a motion for appointment of a Claims Distributor to locate the harmed Worthington Foods shareholders and make a final distribution of funds deposited with the Court under the above-mentioned case numbers ("Settlement Fund"), and the Court having considered the facts presented in support of the motion, and finding that the plans proposed are reasonable and warranted,

IT IS HEREBY ORDERED THAT:

1. Michael O'Grady, Esq., Kopech & O'Grady, 500 S. Front Street, Suite 950, Columbus, OH 43215, is hereby appointed as Claims Distributor to locate the harmed Worthington Foods shareholders and make a final distribution of Settlement Funds in this matter.

2. The Claims Distributor is authorized to undertake the following procedures:

(a) The Claims Distribution will locate the harmed Worthington Foods investors using "bluesheets", *i.e.* trading data in Wortbington Foods stock. The harmed Worthington shareholders are those individuals or entities that sold Worthington Foods stock on the day that the defendants allegedly purchased their shares using inside information as detailed in the Commission's Complaints in SEC v. Parker et al., SEC v. Blackwell et al. and SEC v. Kahl et al.

(b) To the extent that the Claims Distributor cannot determine whether a shareholder should receive a distribution from the bluesheet data, the Claims Distributor shall send these shareholders a claim letter. The claim letter will include a response deadline of forty-five (45) days from the date that the letter is mailed and will describe the procedure for filing a claim, including requiring proof that the individual or entity held Worthington Foods stock on

the days in question. The Claims Distributor, after reviewing the information submitted, will either approve or reject the claim. Any applicant whose claim is denied shall receive a notice of denial from the Claims Distributor and shall have approximately fourteen (14) days to submit an appeal in writing to the Claims Distributor. The Claims Distributor shall consider the appeal and shall either approve or reject the appeal. The decision of the Claims Distributor on all claims and appeals shall be final.

3. The Clerk of the Court is ordered to transfer all Settlement Funds in the Court Registry that are held under the above-mentioned case numbers, less the Court required registry fee as a percentage of interest earned on the investment, not to exceed ten percent (10%), to the Claims Distributor who will deposit the amount in an interest-bearing account. Pending distribution, the Claims Distributor will use this amount to: (1) pay only costs associated with administering the claims, and (2) pay any applicable taxes to the Internal Revenue Service as a result of the interest earned on the principal. In order to make any disbursements from the Settlement Fund, the Claims Distributor will motion the Court for approval of such payment. No disbursements will be made without this Court's approval.

4. After ninety (90) days, the Claims Distributor will prepare and file a report with the Court, with a copy to the attorneys for the Division of Enforcement, United States Securities & Exchange Commission, listing the recommended distributions and, if applicable, the reasons for rejecting any claims.

5. The Court shall have an opportunity to review the Claims Distributor's report. If the Court is satisfied, the Court shall order the Claims Distributor to undertake the distribution. The Claims Distributor will then cut checks to pay the following:

(i) All outstanding taxes accrued or assessed against the Settlement Fund;

(ii) All costs and fees for administering the Settlement Fund, not to exceed $45,460;

(iii) The balance of the Settlement Fund to the approved claimants *pro rata* according to the number of shares they held in Worthington Foods.

(iv) Any surplus remaining in the Settlement Fund after the distributions identified in items (i) through (iii) above (including surplus from any distribution checks that remain undeposited for more than three months) to the United States Treasury.

6. The Claims Distributor will undertake this task for fees and costs not to exceed $45,460.00. The Claims Distributor will maintain all invoices and bills. The Claims Distributor will provide an accounting of all expenses at the conclusion of its work or earlier to the Commission or the Court if requested.

IT IS SO ORDERED.

HONORABLE ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT JUDGE

Dated: 22 April 2008